MacDonald, J.
The motion for a protective order is ALLOWED to the following effect: The two depositions will each be limited to two hours and, unless mutually agreed among the parties and counsel for the witnesses to the contrary, the depositions are to be held the same day and in sequential order. The order is based on the following reasons:
1.First a procedural point: Although the motion was brought by the Provident Life and Accident Insurance Company (“Provident”) and not the individuals named in the subpoenas — Sandra Frye (“Frye”) and Alan Cusher (“Cusher”) — Provident has standing to bring the motion since it is undisputed that Frye and Cusher are employees of Provident. Further, from representations made in the opposition of Barry Sus-sman, M.D. (“Dr. Sussman”), it is apparent that they were subpoenaed in their capacity as Provident employees.
2. Rule 26(c) and Rule 45 authorize the relief sought here if the Court concludes that it is necessary “to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . .” Inasmuch as the Court understands that the commission for the depositions issued from the California court without Provident’s, Frye’s or Cusher’s interests having been directly joined, I address the matter without the need for substantial deference to the issuing forum that would otherwise pertain in such a matter.
3. Dr. Sussman seeks Frye’s and Cusher’s testimony in connection with a malpractice case he has brought against his former counsel in a US District Court action in California. In that case Dr. Sussman had sued Provident, claiming that Provident had wrongfully denied his insurance claim for total disability. The federal court jury found for Provident. The 9th Circuit then affirmed.
4. The potential relevance of Frye’s and Cusher’s deposition testimony to the Plaintiffs malpractice claim, even under the broad standard of Rule 26(b)(1), is not readily apparent. The Court was impressed with the well reasoned objection to this discovery in Provident’s motion and, in particular, Exhibit 3 to that motion.
5. However, the Court is aware that Provident’s national claims settlement practices during the relevant period have been found by insurance regulators around the country to have been deeply flawed. See the Report of the Multistate Market Conduct Examination, appearing as Exhibit 4 to Dr. Sussman’s Opposition to the instant motion. (There are currently multiple class actions pending throughout the country — including one before this Court — relating to Provident’s practices in this regard.) Accordingly, it is not merely speculative that, depending on what Dr. Sussman’s counsel knew at the time about such practices, a reasonably diligent lawyer hired to represent one in Dr. Sussman’s circumstances and faithful to the standard of professional care prevailing at the time for such a case would have made affirmative inquiries into facts known to Fiye and Cusher before proceeding to trial against Provident in the California federal action. The depositions authorized by this order will permit the Plaintiff to determine whether any such pertinent facts were known by Frye and Cusher and likely discoverable at the relevant time.
6. However, the remoteness of the potential relevance of facts known to Fiye and Cusher present a clear risk of an abuse of the discovery process by the Plaintiff. Accordingly, I limit the inquiiy of each witness to a maximum of two hours, and I require (absent mutual agreement to the contrary) that the deposi *307 tions to be held sequentially on the same day. This will minimize unnecessary expense and inconvenience to the witnesses and to Provident.